RECEIVED

AUG 18 2023 LM

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:23-cv-05662
Judge Rebecca R. Pallmeyer
Magistrate Judge Gabriel A. Fuentes
RANDOM

UNITED STATES DISTRICT C
FOR THE NORTHERN DISTRICT O
EASTERN DIVISION

Sammie Sledge Plaintiff,    "NLRB CASE N0. 13 CA 312462"

v

First Student and
Teamsters Local 777 Defendant's,

## JURISDICTION

This action is bough for defamation of character APA 5 USC § 556 defendants must

prove by a preponderance of evidence my statements are not true, 28 USC § 4101.for

libel for false publication, 29 USC 185 § 301 (a) breach of CBA duty, and 29 USC §

159 (A) termination without union representation.

## COMPLAINT

(1). The statement was published to the NLRB, (2) Sledge was identified being

defamed.(3) the remarks had negative impact on my reputation. (4) the published

information was false. (5) The defendants are at fault with malice.

## PETITIONER CLAIMS FACTS AS FOLLOWS;

COUNT I
1. Plaintiff was terminated while Bemon and I was engage in concerted union activity,
plaintiff is entitled to have representation before termination pursuant to 29 USC § 159
(A) demands redress under 29 USC § 159 (a).
COUNT II
2. Defendants publication of false information, pursuant to 28 USC § 4101for libel.
COUNT III
3. Breach of contract violates Art. 1 § 10 USC defendants obligation under contract is
due, under Article 41 CBA plaintiff sustain bad credit and loss of income from economic
loss due to incomplete subsequent background check violated 15 USC 1681 § 613 (A).
COUNT IV
Deprivation of representation violation 29 USC § 159 (a). demands redress.
The amount in controversy exceeds 20.00 plaintiff demands jury trial for the amount
incurring 200, 000.00

1.

## Violation of Federal Law and Breach of Contract

.4.  Not only did the termination breached article 41 collective bargaining agreement it violated federal statute pursuant to 15 USC 1681 § 613  (A) (1) (2) That the investigation must be complete before the termination, all citizens are  subject to the law Art. 1 § 10  under Amendment 14 USC.

**Employer report to NLRB, establishes  employee false light  claim probative**

5.  Sledge was terminated on February 2nd 2023 the investigation subsequent background report was complete on July 20, 2023 "10 months later.  SEE Expungement  papers.

6.  I was working as a bus aid when the location manager terminated me, bus aids doesn't drive buses they monitor children, the claim that one of the reasons for termination  was because my drivers were suspended… on April 12 2022 my drivers license was reinstated not suspended, SEE the ALJ order (EXHIBIT 3).

**Relief is sough pursuant to 5 USC § 556 request  for probative evidence.**

WHEREFORE, plaintiff requests that defendant prove by the preponderance of evidence that the union fairly represented sledge and that the company did not breach the contract.

## Cases and Statutes of Authority

7. Sledge and Charles Bemon employees engaged in union activity for the purpose of collective bargaining  the terms and conditions in the collective agreement was ' "concerted activity". 'The definition for concerted activity when two or more employees engage in union activity for the purpose of collective bargaining  the terms and

conditions of employment', " (§ (8) (a) (3) protects employer from termination, retaliation, and adverse treatments" under § 7 (8) (a) (1) prohibit employer from interfering as they engage in concerted activity and (8) (b) (2) NLRA). Prohibit employer assisting labor union.. the Union and the employer both agreed not to participate in the grievance process violates § (8) (b) (2) terminated employee without subject matter jurisdiction for concerted activity. Employer termination interfered with concerted activity under § 7 (8) (a) (1).

The union breaches its duty for fair representation and the employer breaches the contract violates §§ (8) (b) (1) and (8) (b) (2) United parcel Serv. V Mitchell 451 US 56, 66 (1981).

**The claim that the management gave sledge options for employment was inconsistent with the contract, sledge wasn't to sustain economic loss for subsequent background check.**

8 Sledge doesn't have to agree with the employer offer individually or collectively to an offer of employment Article 37 CBA articulates that the CBA supersedes and control over any inconsistent provision in company rule book hand book or policy. " management offer wasn't binding" ' employee wasn't an at ill employer'

9. Sledge and Bemon did present a grievance to the union business agent and the location manager for negation and neither party negotiated the grievance in violation of article 1 CBA who shall negotiate the terms and conditions in this agreement. Plaintiff must establish that these statements that was presented to the NLRB by the Defendants

3.

are false by a preponderance of evidence under 5 USC § 556,and defendants false and non probative testimony be stricken from the record.

In construing sledges employment absent of just cause for his removal must require him to be given an opportunity to be heard under the due process clause before the employee is terminated SEE Gorham v City of Kansas 590 P.2d. 1051 (1979) for this neglect held that the employer must return the employee to his position without loss of seniority or pay, the employer delay to bring employee back to work is preempt by federal common law. SEE Anderson and Moore v Norfolk and Western Railway Co. 773 F. 2d. 880 (7th Cir. 1985) the employee must prove probative that the union breaches its duty for fair representation and that the employer beached then contract SEE the grievance (EXHIBIT 1) the union and the employer failure to decide the grievance process. The termination letter violates sledge right to representation it doesn't provide factual information that any union representative was present for sledge's removal (SEE EXHIBIT 2) Sledge preponderance of evidence is most likely true than not, employer's termination letter is arbitrary and capricious not done by contractual law The NLRB decision and the termination letter must be set aside under 5 USC § 706 (A). Both NLRB dismissal and Managers termination letter is against the manifest weight of th evidence.

WHEREFORE, For the foregoing reasons plaintiff request that the NLRB dismissal letter and the employers termination letter be set aside.

4.

## CONCLUSION

Vaca v Spices 386 US 171 (1967) (2) (e)  where a breach of duty by the union and a breach of contract by the employer are proven in a § 301 breach of duty action, the court must fashion an appropriate remedy against both defendants Pp 386 US 187-188. The employer and the union failure to proceed in the grievance process is probative. This defamation, Concerted activity, representation deprivation, and breach of contract clam incurred the amount of 200, 000.00 for the damage of reputation, Plaintiff request that a jury to decide  emotional distress, compensatory, and punitive damaged under Amendment 7 USC that any other motion that conflicts with this jury demand would be inconsistent to the constitution pursuant to Article III USC. And be invoked.

Wherefore demands the amount in controversy.


Samuel Sledge
907 N. Lawler
Chicago, Illinois 60651
708 415 5055
samuelsledge52@gmail. **Com)**


**PROOF OR SERVICE BY (E-MAIL) 7/16/2023**

Exhibit 3

**JESSE WHITE**
**SECRETARY OF STATE**
**STATE OF ILLINOIS**

IN THE MATTER OF THE REVOCATION OF THE
DRIVER'S LICENSE AND DRIVING PRIVILEGES
OF SAMMIE C. SLEGE
DRIVER'S LICENSE NUMBER: S420-7834-4297

FILE NO. C-00536-22

## ORDER

WHEREAS, the Findings of Fact, Conclusions of Law, and Recommendations of the Hearing Officer, WAYNE GARDNER in the above captioned case have been read and examined; and,

WHEREAS, the record has been reviewed; and,

WHEREAS, the Findings of Fact and Conclusions of Law are correct and are hereby adopted as the Findings of Fact and Conclusions of Law of the Secretary of State ("Secretary"); and,

WHEREAS, the rulings of the Hearing Officer on the admission of evidence and all motions were correct and are hereby concurred in by the Secretary; and,

WHEREAS, the Secretary adopts the recommendations of the Hearing Officer:

NOW THEREFORE, IT IS HEREBY ORDERED: That pursuant to the Findings of Fact, Conclusions of Law, and the Recommendations of the Hearing Officer, the petition for the reinstatement of full driving privileges is hereby GRANTED.

This Order is not to be construed as an authorization to operate a motor vehicle. Petitioner must meet any and all requirements of the Office of the Secretary and be in receipt of a driver's license or Restricted Driving Permit, prior to the operation of any motor vehicle.

**JESSE WHITE**
**SECRETARY OF STATE**
**STATE OF ILLINOIS**

Exhibit
3

IN THE MATTER OF THE REVOCATION OF THE
DRIVER'S LICENSE AND DRIVING PRIVILEGES
OF SAMMIE C. SLEGE
DRIVER'S LICENSE NUMBER: S420-7834-4297

FILE NO. C-00536-22

## ORDER

WHEREAS, the Findings of Fact, Conclusions of Law, and Recommendations of the Hearing Officer, WAYNE GARDNER in the above captioned case have been read and examined; and,

WHEREAS, the record has been reviewed; and,

WHEREAS, the Findings of Fact and Conclusions of Law are correct and are hereby adopted as the Findings of Fact and Conclusions of Law of the Secretary of State ("Secretary"); and,

WHEREAS, the rulings of the Hearing Officer on the admission of evidence and all motions were correct and are hereby concurred in by the Secretary; and,

WHEREAS, the Secretary adopts the recommendations of the Hearing Officer.

NOW THEREFORE, IT IS HEREBY ORDERED: That pursuant to the Findings of Fact, Conclusions of Law, and the Recommendations of the Hearing Officer, the petition for the reinstatement of full driving privileges is hereby **GRANTED**.

This Order is not to be construed as an authorization to operate a motor vehicle. Petitioner must meet any and all requirements of the Office of the Secretary and be in receipt of a driver's license or Restricted Driving Permit, prior to the operation of any motor vehicle.

EXHIBIT
**3**

Response, obtained at the time of the scheduling of the hearing, the results of which are identified below in Finding of Fact #5.

5.  Details concerning the case in question are as follows:

a)  The Petitioner was recently notified that his driving privileges were revoked due to having three or more convictions for motor traffic violations in a one year period on November 22, 1971, December 08, 1971, December 23, 1971 and January 14, 1972.

b)  Said violations were merged onto the Petitioner's driving license abstract when the Department of Driver's Services combined the record containing said convictions onto the Petitioner's current driving record. (Secretary of State's Exhibit #3). The Petitioner provided several documents verifying the identifying information on his current driving record. (Petitioner's Exhibit #1).

c)  This hearing was previously continued for the Petitioner to return to Circuit Court to determine if said convictions were his own. When the Petitioner returned for the instant hearing, he reported that the Circuit Court has no record of convictions which are nearly fifty years old. The Petitioner does not recall incurring any of these convictions.

6.  The Petitioner has submitted sufficient evidence to warrant issuing driving relief for the following reasons: while the Petitioner does not recall incurring the convictions resulting in revocation of his driver's license, he has had no other motor traffic violations in nearly the past fifty years. Therefore, the Petition for reinstatement of driving privileges should be granted.

## STATUTES AND RULES APPLICABLE:

The authority sections of the Illinois Vehicle Code (625 ILCS, Act 5) relied upon herein are: 2-101, 2-103, 2-104, 6-206(a)2, 6-206(c)3 and 6-208(b). The authority sections of the Rules and Regulations promulgated by the Secretary of State are: Chapter II, 92 Illinois Administrative Code, Section 1001.10 et seq.

## CONCLUSIONS OF LAW:

1.  The evidence indicates that the Petitioner will be a safe and responsible driver and that to reinstate his driving privileges will not endanger the public safety and welfare. See 92 Ill. Adm. Code Sec. 1001.430, as amended.

## RECOMMENDATION:

The petition for the reinstatement of full driving privileges should be **GRANTED**, after Petitioner meets any and all requirements of the Secretary's Office.

_Wayne Gardner_

**WAYNE GARDNER
HEARING OFFICER**

EXhibiT 1

# TEAMSTERS LOCAL No. 777
# GRIEVANCE FORM

NAME _Sammie Sledge_

COMPANY _First Student Mchgo.WS_

PHONE NUMBER _708 415-5055_          DATE _11-28-22_

ADDRESS _907 N. Lawler Chicago_ STATE _IL_ ZIP CODE _60651_

DEPARTMENT _Operations_ CLASSIFICATION _Bus Moniter_ HOURLY RATE _18.50_

SENIORITY DATE _8-15-17_ SHIFT _A.M._ SUPERVISOR _Cynthia Lee_

DISCUSSION TO RESOLVE GRIEVANCE WAS: [✓] HELD [ ] ATTEMPTED ON: _11-28-22_
(DATE)

**GRIEVANCE:**

First Student noncompliant with Article 41 of Teamsters/company Master Contract.

**REMEDY SOUGHT:**

Mr. Sledge wants to continue to work but not sustain an economic loss.

I UNDERSTAND THAT THE ABOVE GRIEVANCE IS SUBJECT TO THE GRIEVANCE PROCEDURE OF MY COLLECTIVE BARGAINING AGREEMENT. I AGREE TO BE BOUND BY THE TERMS OF THE SAID AGREEMENT APPLICABLE TO MY STATUS AND GRIEVANCE AND TO THE ADJUSTMENT OR DECISIONS REACHED THEREUNDER AT ANY APPROPRIATE LEVEL THEREOF. I AUTHORIZE MY UNION TO ACT FOR ME IN THE DISPOSITION AND SETTLING OF THIS GRIEVANCE.

GRIEVANT'S SIGNATURE _Samuel Sledge_

UNION STEWARD/BUSINESS AGENT'S SIGNATURE _Charles Blanning Jr._

**COMPANY'S CONTENTION & DATE:**

**SETTLEMENT AGREED TO & DATE:**

ACCEPTED BY: _____   ACCEPTED BY: _____
(COMPANY)                              (UNION)

I was making 1.400/wk with overTime   EXhibiT 1



6 February 2023

To Mr. Samuel Sledge,

We are writing in reference to your failure to comply with previous requests for documents. Company management has previously discussed ongoing concerns regarding your compliance with CPS and First Student requirements. You received a letter, dated 2 November 2022, that detailed the necessity of your submission for CPS background screening. You were given the option to either provide the requested screening documentation or transfer to another location. It is our understanding that you failed to provide valid and true copies of said documentation, thus disqualifying you from working with our company.

In view of the aforementioned indication, First Student is left no choice but to terminate your employment. This letter serves as formal notice of your immediate termination of employment with First Student.

Signed,

Cynthia Lee

Location Manager

First Student; Chicago-West #12702

EXhibiT - 2
Discharge LeTTer

**IRIS Y. MARTINEZ**
CLERK OF THE CIRCUIT COURT



**FIRST MUNICIPAL CRIMINAL DEPARTMENT**
Richard J. Daley Center
Room 1006
Chicago, Illinois 60602
(312) 603-4641
FAX (312) 603-3509
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

7/21/2023

To Whom It May Concern:

With reference to your request for a file, you are advised that the Director of the Administrative Office of the Illinois Courts authorized the Clerk of the Circuit Court of Cook County, Illinois to destroy all material related to MISDEMEANOR cases after a retention period of TEN (10) YEARS.

The file you requested falls within one of the above classifications and was destroyed pursuant to the authorization stated.

IR Number: 0167239

Name of Defendant: **Sammie Sledge**　　　　Date of birth: **10/18/44**

| CB Number: | Date of Arrest: 11/19/71 | Charge: Batt/WRNT |
| CB Number: | Date of Arrest: | Charge: |
| CB Number: | Date of Arrest: | Charge: |
| CB Number: | Date of Arrest: | Charge: |
| CB Number: | Date of Arrest: | Charge: |

If you have any questions or if we can be of further service, please call (312) 603-4641.

Sincerely,
**Iris Y. Martinez**
Clerk of the Circuit Court of Cook County, Illinois

By: _____ Deputy Clerk

CCCR EF 3- 12/01/20. Destroy Letter (Counter).

Exhibit 7

'This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT _____ COUNTY | ORDER TO EXPUNGE & IMPOUND AND/OR SEAL CRIMINAL RECORDS | For Court Use Only |
|---|---|---|

| Instructions ▼ | | |
|---|---|---|
| Directly above, enter the name of county where you will file the case. | Request of: Samuel Sledge | |
| Enter your name, birth date, race, and gender. List any other names you used when arrested on the cases listed on this form. | **Your name** (First, middle, last name) Other names used in these cases | |
| If the Clerk gave you a new case number, enter it to the right. | 10/19/44    Black    Male Date of birth    Race    Gender | Case Number (if the Clerk assigns a new number): |

**EXPUNGED**

| In 1, enter the number for all cases listed under Number 2 on the *Request* form for the cases you want to have expunged. If you completed an *Additional Arrests or Cases for Expungement* form, fill out an additional *Order* and list those cases. | 1. Arrest or Case Numbers of all Eligible Criminal Offenses for EXPUNGEMENT in this County: 994004462-401    NO CONVICTION    DA |
|---|---|

☐ I have attached an additional *Order* form.

| In 2, enter the number for all cases listed under Number 14 on the *Request* form for the cases you want to have sealed. If you completed an *Additional Arrests or Cases for Sealing* form, fill out an additional *Order* and list those cases. | 2. Arrest or Case Numbers of all Eligible Criminal Offenses for SEALING in this County: NO CONVICTION |
|---|---|

☐ I have attached an additional *Order* form.

EXhibiT

EX-O 2905.4

Page 1 of 2

(07/21)

Enter the Case Number given by the Circuit Clerk:_____

**IT IS ORDERED:**

<table>
<tr>
<td>

DO NOT check this box. The judge will check the correct boxes.

The judge will cross out the case numbers that are denied and include them on the *Order Denying Request To Expunge & Impound and/or Seal Criminal Records.*

</td>
<td>

☑ Your *Request* for **EXPUNGEMENT** is **GRANTED** for the cases on page 1 (#1), and within 60 days of receiving this *Order*:

- The Arresting Agencies must expunge these records as required by law.
- The Clerk of the Circuit Court must impound these records as required by law.
- The Illinois State Police must expunge or impound these records as required by law.
- The Illinois State Police and the Arresting Agencies must request the return of all arrest or conviction records from any agencies that were previously notified of these records as required by law.
- The Illinois State Police must expunge any pardoned conviction and other arrests by sealing these records as required by law.

</td>
</tr>
</table>

**IT IS ORDERED:**

<table>
<tr>
<td>

DO NOT check this box. **The judge will check the correct boxes.**

</td>
<td>

☐ Your *Request* for **SEALING** is **GRANTED** for the cases on page 1 (#2), and within 60 days of receiving this *Order*:

- The Illinois State Police, the Arresting Agencies, and the Clerk of the Circuit Court must seal these records as required by law.
- The Illinois State Police and the Arresting Agencies must request the return of all arrest or conviction records from any agencies that were previously notified of these records as required by law.

</td>
</tr>
</table>

EXPUNGED

<table>
<tr>
<td>

DO NOT fill in these lines. The judge will sign and enter date here.

</td>
<td>

ENTERED:

Judge: _____  Date: 7-20-23

</td>
<td>

Judge Ramon Ocasio 111-1936

**JUL 2 0 2023**

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

</td>
</tr>
</table>

<table>
<tr>
<td>

Enter the name and contact information of the person completing the *Order*.

</td>
<td>

Prepared by: _____
Street Address: _____
City, State, ZIP: _____

</td>
<td>

Attorney # (if any): _____
Phone Number: _____
Email Address: _____

</td>
</tr>
</table>



EX-O 2905.4                          Page 2 of 2              EXHIBIT                    (07/21)